DIDIER v. WARNER AND THE OCEAN NAVIGATION COMPANY.

Affidavits should be free from erasures and interlineations.

The court will in some cases require further evidence of the truth of the complaint, than the affidavit of the plaintiff of his belief that the complaint is true, before it will authorize the signing of judgment.

A memorandum indorsed by the defendant on the back of the complaint, and signed by him, may in some cases constitute a valid answer.

*A. Dyett* moved for judgment for want of an answer. The facts will be found stated in the judgment.

*Edmonds, J. :* This is a motion for judgment under section 202 of the Code.

The complaint is filed to obtain a transfer of five shares of stock in the Ocean Navigation Company, which shares it is alleged once belonged to one Chapdelaine, and were by him transferred to the plaintiff. It is also averred that before that transfer the shares had been hypothecated with Warner for $600. It is not averred that that sum has been paid, but instead there is an averment that since such hypothecation there have been mutual dealings between Warner and Chapdelaine, which have resulted in Warner's becoming indebted to Chapdelaine in about $2,000.

There are several objections to granting the motion.

1. Section 202 of the Code allows the plaintiff, at "the time and place specified in the summons," to apply for the relief demanded in the complaint. The affidavit of service in this case does not show when the summons was returnable; but the copy of the summons submitted with the papers shows the word "September" written on an erasure, and I

have no adequate means of ascertaining when the summons was returnable, or whether its return day has yet arrived.

2. There is no evidence of service upon Warner. There is an affidavit that on the 15th of August, Warner said to the plaintiff's attorney's clerk, that "said summons and copy complaint had been served on him," but what summons, and when returnable, is not mentioned.

3. The affidavit of service contains five interlineations and one erasure. It would be exceedingly difficult to assign perjury upon it, on that account. Annexed, however, is an affidavit that the *interlineations* were all made before the affidavit was sworn; but when was the *erasure* made? The erasure, it will be seen, is somewhat important.

4. There is no evidence that the complaint is true. The plaintiff merely swears that he believes it to be true; yet a most material fact, to wit, that Warner is indebted to Chapdelaine, and that the lien of Warner is thereby discharged, is not necessarily within the knowledge of the plaintiff, and the court cannot determine that the averments are true.

5. The affidavit is that no answer has been put in by "either of the defendants." Yet the affidavit of service says that Warner called at the office of the plaintiff's attorney and left with his clerk the summons and copy of the complaint. Now the summons and copy complaint, submitted to me with the papers, has these words indorsed upon it: "*All of the within is not as stated. There was a full power of attorney given by Mr. L. Chapdelaine, signed, sealed and witnessed, and attached to the certificate in the usual way.*

"(Signed)　　WM. WARNER.

"*New York, 15th Aug.,* '48."

These words have been erased, and the erasure from the affidavit of service is of these words: "*it was not true,*" as applied to the complaint which Warren said he had read.

I am not satisfied that this indorsement is not a valid answer under the Code. It contains a specific denial of an allegation of the complaint (§ 128), and seems to be subscribed by the party. (§ 133.) It has not, to be sure, been verified by him,

but for aught that I know, the party may be allowed to put in an answer without a verification.

At all events, these various facts ought to have been mentioned to the court when the motion for judgment was made, and the decision of the court required upon them. It ought not to be necessary for the court to examine every paper in a cause with the vigilance which has been required to ascertain the matter I have alluded to.

Motion denied.